## PAILHES v. THIELEN

The return made by a sheriff on a *fi. fa.* is not conclusive against third persons. Parol evidence is admissible to explain circumstances connected with the proceedings mentioned in the return.

A sheriff in whose hands a *fi. fa.* had been placed, levied it on certain twelve-month bonds belonging to the debtor, in the hands of another sheriff, who refused to deliver them on the ground that his costs in the action in which the bonds were taken, had not been paid. The creditor made no offer to advance the costs, nor propounded interrogatories to the officer in whose hands the bonds were, as a garnishee. In an action against the sheriff for damages, in consequence of his failure to advertise and sell the bonds : *Held,* that the officer in whose hands the bonds were seized, was entitled to retain them till his costs were paid ; and that the facts show no want of diligence on the part of the defendant.

APPEAL from the District Court of the First District, *Buchanan,* J. *Deslix* for the appellant. *Roselius,* for the defendant.

The judgment of the court was pronounced by

SLIDELL, J.    Many of the facts connected with this action are recited at length in the case of *Simpson* v. *Allain,* decided by the former Supreme Court, in May, 1844.   See 7 Robinson, 500.

Referring to the recital there made, we only briefly state, now, such facts as are indispensable to the consideration of this cause, including some that were not in evidence in that suit.

*Simpson* sued *Madame Wiltz* and the present plaintiff, on a note. *Madame Wiltz* was drawer ; *Madame Pailhès* was endorser. Judgment was obtained against *Madame Wiltz.* *Simpson* issued execution, and the writ of *fieri facias* was returned as will presently be stated. Judgment was obtained against *Madame Pailhès.* One *Davis* paid the amount thereof to *Simpson.* *Madame Pailhès* subsequently reimbursed to *Davis* the amount he had paid for her.

On the same day that the payment was made to *Simpson* by *Davis,* an order of court was made, on *Simpson's* motion, subrogating *Madame Pailhès* to *Simpson's* rights, on a suggestion that she, as endorser, had paid *Simpson* the debt, interest and costs.

The plaintiff now attempts to make *Thielen,* a former sheriff of the District Court of the First District, liable, on the ground that, through his *laches, Simpson* failed to collect the money from *Wiltz,* under his *fieri facias*—that *Simpson* consequently exacted payment of her, the endorser—that she now stands subrogated to *Simpson's* rights—and that the sheriff is, consequently, responsible to her for the amount thus paid to *Simpson.*

The return upon the writ of *fieri facias,* issued at the suit of *Simpson* against *Madame Wiltz,* is as follows :   "Rec'd 14th January, 1843.   My predecessor had seized, on the same day, *in the hands of Valerien Allain, Esqr., Sheriff of the parish of Orleans,* two notes or bonds, of *Charlotte Gambes,* favor of *Augier & C. Cabouret,* received by the said sheriff *Allain,* in the case of *Adèle Montreuil,* wife of *Evariste Wiltz,* v. *Moreau,* dated 25th June, 1842, at 12 months : one for $469,60, and the other for $100.   No other property found to seize, after due demand of both parties.   Returned 4th Monday of February, 1843.

           (Signed,)        *A. Meynier,* Deputy Sheriff. "

When this writ was received, *Thielen* was sheriff: before it was returned, *Thielen* was superseded in office by *Lewis ;* and this return was made by *Lewis*'

deputy. Having established these facts, *Thielen* offered to prove by several witnesses, what really occured in the execution of the *fieri facias*. The plaintiff excepted, on the ground that the proposed testimony would contradict the return. The court received it, and the plaintiff took his bill of exceptions. The court below did not err. The return was not made by *Thielen*, and is not evidence against him. The testimony, moreover, does not contradict, but only explains circumstances connected with the proceedings stated in the return.

This testimony, thus excepted to, but received by the court, establishes, that *Thielen* having *laid a siezure in Allain's hands*, called repeatedly on *Allain* to deliver the bonds; and to these repeated demands, *Allain*, as he had a right to do, refused to accede, on the ground that his costs in the suit of *Wiltz* v. *Moreau*, in which case he had received the bonds in payment of the price of property sold by him under *fieri facias*, had not been paid. The efforts of *Thielen* and his deputies to get the bonds, were frequent and earnest. *Simpson's* counsel called to ask why the bonds were not advertised, and was informed that *Thielen* could not advertise them, because he could not get possession of them. *Simpson* did not offer to advance the amount of *Allain's* costs; he did not, before the expiration of the writ, propound interrogatories to *Allain* as garnishee, nor did he, or his counsel, express any dissatisfaction with the sheriff's reason for not advertising. For what was done by his successor in office, it cannot be pretended that *Thielen* should be answerable; and as far as his own doings are concerned, *Thielen* appears to have acted with diligence and zeal, and with the knowledge and implied approbation of *Simpson*, the plaintiff in execution. Even if the subrogation acquired by *Madame Pailhès*, in the manner already stated, would extend to a cause of action of *Simpson* against the sheriff, *Thielen*, for alleged *laches*, which seems questionable, she could certainly stand on no better footing than *Simpson*; and *Simpson* could not, under the evidence, have made *Thielen* liable.

*Judgment affirmed.*